[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to warrant dated July 19, 2000, the Defendant was charged with the crimes of promoting prostitution in the first degree in violation of Connecticut General Statutes Section 53a-86, promoting prostitution in the second degree in violation of Connecticut General Statutes Section53a-87 and assault in the third degree in violation of Connecticut General Statutes Section 53a-61. That warrant issued upon a warrant application containing the sworn affidavit of Detectives Ramon Baez and Patricia Beaudin. The detectives' affidavit is lengthy (10 pages), and, for the most part, recounts interviews which they had with four female victims who indicated, that, at various times, the Defendant engaged each of them in sundry sexual acts and thereafter recruited them to work as a prostitute. CT Page 15289
The Defendant has filed a motion seeking an evidentiary hearing underFranks v. Delaware, 438 U.S. 154 (1978) for the purpose of challenging the veracity of the affidavit underlying warrant application. Specifically, the Defendant's motion focuses exclusively upon one of the above-referenced victims and her retraction of the accusations made against the defendant approximately one week later. The Defendant's motion complains that the detectives, in their affidavit in support of the warrant application, knew about and, either intentionally or with reckless disregard for the truth, withheld any mention of the retraction. The Defendant claims that the omission of any reference to the retraction entitles him to a hearing under Franks and, ultimately, to a dismissal of this case. In a nearing conducted before this Court the Defendant acknowledged that the relief he is claiming is limited to a dismissal of the action and that no claim is made for any other relief such as the suppression of evidence or the like.
The State does not dispute that a retraction was made by one of the victims. While it might have been preferable that reference to the retraction be made, the Court understands the concerns which the detectives may have had regarding the validity of the retraction. It is significant to note that the initial accusation in question was not obtained as a result of any investigation initiated by the authorities. It was the victim herself who brought this information to the surface and then only in the context of a conversation which she had with her social worker. The circumstances under which the retraction took place were curious to say the least. According to information presented with the Defendant's motion, the victim learned on July 5, 2000, approximately one week after having spoken with the police, that the Defendant was contemplating filing a libel and slander and suit against her for defamation of character. The following day on July 6, she signed a "voluntary statement' in the presence of an attorney indicating that the allegations she had made against the Defendant were false. On the following day, July 7, the victim appeared at the Internal Affairs Division of the Hartford Police Department with the Defendant for the purpose of making a complaint regarding the authorities" continued investigation of this matter. A detective took the victim to an interview room and, according to the victim's statement, proceeded to question her about the defendant. Efforts to obtain further information from the victim proved fruitless when the Defendant opened the door to the interview room and advised the detective that the victim was there only to file a complaint and not to be questioned. This is the context in which the detectives omitted to include any reference to the purported retraction.[1] Irrespective of whether better practice might have called for the inclusion of the retraction in the affidavit supporting the warrant application, the Court nevertheless denies the Defendant's CT Page 15290 motion for two reasons.
The essence of Franks is the materiality of the information in question to a finding of probable cause. In determining whether the information was material to a finding of probable cause, the affidavit as submitted must be supplemented by the omitted information. State v. Weinberg,215 Conn. 231, 238 (1990). Only if the Court concludes that the addition of the omitted information defeats probable cause is the defendant entitled to an evidentiary hearing. State v. Bergin, 214 Conn. 657, 671
(1990). With or without the information provided by this one victim, the affidavit contains detailed information provided by three other victims which is more than sufficient to support a finding of probable cause for the issuance of the arrest warrant.
Second, even if the Court were to conclude that the detectives improperly omitted the above referenced information and that the affidavit, as supplemented to include the same, would have been insufficient to support a finding of probable cause, this Court would nevertheless not be free to dismiss this case. Dismissal of an information is unwarranted even if the underlying arrest warrant affidavit lacks probable cause with respect to one or more charges. Statev. Fleming, 198 Conn. 255, 263, cert. denied 475 U.S. 1143 (1986). An illegal arrest may impair the fairness of a subsequent prosecution where evidence improperly obtained as a consequence of that arrest is admitted against the Defendant at trial. State v. Fleming, supra at 262. Since the Defendant, at the hearing on this motion, conceded that his claims do not implicate the admissibility of any evidence at trial, it is clear that his right to a fair trial has not been compromised and, therefore, there exists no basis upon which to dismiss the information.
The motion is denied.
Solmon, J.